IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No: _____ |
| v. | ) |
| | ) Jury Trial Demanded |
| LEACH & PERRETT, INC.  d/b/a | ) |
| PALMER NATURAL PRODUCTS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Creative Compounds, LLC ("Creative") hereby brings this Complaint against Leach & Perrett, Inc. d/b/a Palmer Natural Products ("PNP") for breach of contract, and alleges as follows:

## PARTIES

1. Creative is a Nevada Limited Liability Corporation with its principal place of business at 600 Daugherty Street, Scott City, MO  63780.

2. PNP is an Idaho corporation having, upon information and belief, its principal place of business at 11665 West State Street, Star, ID  83669.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over PNP pursuant to the Missouri long-arm statute, Section 506.500.1 RSMo, based at least on PNP having entered into the contract at issue in this District, PNP's substantial contacts with Missouri and this District in connection with the

1

activities giving rise to this lawsuit, and PNP's expectation that Creative would perform significant work in this District in connection with its obligations pursuant to the parties' contract.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

6. Creative is in the business of selling bulk raw ingredients to the food industry, with an emphasis on the sports nutrition and dietary supplement segments of the industry. Creative not only maintains an inventory of numerous ingredients for immediate purchase but also custom sources unique ingredients on behalf of customers.

7. D-biotin is a form of biotin and is commonly referred to as vitamin B-7 or vitamin H. D-biotin is a coenzyme for many metabolic reactions in the body, including lipid and protein metabolism and conversion of food into glucose, which the body uses for energy. D-biotin is also vital for maintaining skin, hair and mucous membranes.

8. The market price of D-biotin tends to fluctuate significantly due to changes in the supply of D-biotin.

9. In March, 2015, PNP was a customer of Creative, and PNP retained Creative to source 300 kg of pure bulk D-biotin.

10. Creative performed substantial work to obtain the required 300 kg of pure D-biotin for PNP at a price that was acceptable to PNP.

11. PNP issued a blanket purchase order to Creative for the 300 kg of pure bulk D-biotin on March 10, 2015, and Creative accepted the purchase order. The purchase order required six separate shipments of 50 kg of 100% D-biotin each, for a total of 300 kg of pure D-biotin. Although the purchase order states a price of $950.00/kg, PNP and Creative separately agreed that PNP would pay 850.00/kg.

12. PNP needed the first 50 kg shipment immediately and, therefore, the purchase order required the first shipment to be sent to PNP via air freight. According to the terms of the purchase order, the remaining five shipments were to be made at four-week intervals.

13. At the direction of PNP, Creative shipped a total of 75 kg of the pure D-biotin via three shipments of 25 kg apiece from April 3, 2015 to June 2, 2015. PNP paid Creative for these three shipments at the rate of $850.00/kg, *i.e.*, the agreed-upon price.

14. After Creative made the third shipment to PNP, the market price for pure D-biotin dropped to a point at which pure D-biotin could be obtained for less than $850.00/kg.

15. Thereafter, PNP stopped taking deliveries of the pure D-biotin that Creative had sourced for PNP, and has since then refused to honor the terms of its contract with Creative despite Creative's substantial efforts to convince PNP to abide by the terms of the parties' contract.

16. Creative negotiated the contract and performed all activities relevant to its obligations under the parties' contract in the State of Missouri, and particularly in this District, and PNP was aware that Creative would do so.

## COUNT I

### BREACH OF CONTRACT

17. Creative incorporates herein by reference the allegations set forth in paragraphs 1-16.

18. Creative and PNP entered into a contract in March, 2015 pursuant to which Creative sourced 300 kg of pure D-biotin on behalf of PNP at a price below the then-prevailing market price, PNP agreed to take delivery of all 300 kg of pure D-biotin according to a schedule set forth in PNP's purchase order, and PNP agreed to pay Creative $850.00/kg for the pure D-biotin on a shipment-by-shipment basis.

19. The contract between PNP and Creative is subject to Article 2 of the Missouri Uniform Commercial Code,

20. Creative performed all obligations required of it by the parties' contract, including without limitation sourcing 300 kg of pure D-biotin and making it available for shipment to PNP pursuant to the agreed-upon schedule and at the price agreed to by PNP.

21. All conditions precedent to PNP receiving shipments of, and paying for, all 300 kg of pure D-biotin were met.

22. PNP breached the parties' contract by refusing to take delivery of, and refusing to pay for, 225 kg of pure D-biotin that Creative had sourced for PNP pursuant to the parties' contract.

23. Creative has not been able to sell all of the remaining 225 kg of pure D-biotin that it obtained on behalf of PNP, and which PNP has refused to either take deliver of or pay for.

24. Creative has been damaged as a result of PNP's breach of the parties' contract in an amount equal to the contract price of the remaining pure D-biotin that PNP has refused to take delivery of, as well as Creative's incidental damages resulting from PNP's breach.

## **PRAYER FOR RELIEF**

WHEREFORE, Creative prays for judgment against PNP as follows:

25. That PNP be found to have breached the contract between PNP and Creative;

26. That Creative be awarded its damages resulting from PNP's breach in an amount to be determined at trial, including without limitation the contractually agreed price of the D-biotin that PNP refused to accept, pursuant to Section 400.2-709, RSMo;

27. That Creative be awarded its incidental damages resulting from PNP's breach, pursuant to Section 400.2-710, in an amount to be determined at trial;

28. That Creative be awarded its costs and reasonable attorneys' fees;

29. That PNP be ordered to pay pre- and post-judgment interest; and

30. That the Court award such further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Creative hereby demands a trial by jury on all issues properly triable by jury.

Dated: August 16, 2017                               Respectfully submitted,

/s/ Adam E. Gohn
Adam E. Gohn #65533MO
Glaus & Gohn, LC
1930 Broadway Street
Cape Girardeau, MO  63701
Phone:  (573) 332-1341
Fax:  (573) 334-5347
Email:  adam@glausandgohn.com

Kevin J. O'Shea #6270380IL
(*pro hac vice* application to be filed)
OShea Law LLC
4450 North Kildare Avenue
Chicago, IL  60630
Phone:  (573) 388-2296
Email:  koshea@oshealawllc.com

Counsel for Plaintiff Creative Compounds, LLC